UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HARVEY RINGGOLD, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | Civil Action No. 05-40129-FDS | |
| ) | | |
| STEVEN O'BRIEN, ) | | |
| Respondent. ) | | |

**RESPONDENT'S MEMORANDUM OF LAW IN
SUPPORT OF THE MOTION TO DISMISS**

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Harvey Ringgold ("the petitioner").[1]  As argued in this memorandum, the petition should be dismissed where the petitioner has failed to exhaust his available state court remedies as to all the grounds in his petition.  *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

**PRIOR PROCEEDINGS**

On November 27, 2001, following a jury trial before the Massachusetts Superior Court (Ford, J., presiding), the petitioner was found guilty of two counts of armed assault with intent to commit robbery (Indictment nos. 01-050-1 and -5), armed robbery (Indictment no. 01-050-3), and assault with a dangerous weapon (Indictment no. 01-050-4).  Supp. Ans., Exh. A at 5.[2]  The Commonwealth entered a *nolle prosequi* as to the charge of possession of a controlled substance

---

[1] In the event this Court declines to dismiss the petition on one of the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to brief the merits of the remaining claim or claims in this petition.

[2] The respondent herein references his Supplemental Answer, containing the state court materials from the petitioner's trial and appeal, as "Supp. Ans., Exh __ at __."

(Indictment no. 01-050-2). Supp. Ans., Exh. A at 5.  On November 30, 2001, the petitioner was sentenced to concurrent terms of twelve to fifteen years on indictment nos. 01-050-1, -3, and -5 to be served at M.C.I. Cedar Junction.  Supp. Ans., Exh. A at 5.  Petitioner was also sentenced to a term of three to five years on indictment no. 01-050-04, to run concurrently with indictment no. 01-050-1, at M.C. I. Cedar Junction.  Supp. Ans., Exh. A at 5

Petitioner filed a notice of appeal from his conviction on December 3, 2001, and the case was entered in the Appeals Court on March 18, 2003.  Supp. Ans. Exhibit A at 5-6.  On April 8, 2004, the Appeals Court affirmed the petitioner's conviction in an unpublished decision pursuant to Mass. R. App. Prac. 1:28.  *Commonwealth v. Ringgold*, 60 Mass. App. Ct. 1125 (2004).

On October 28, 2004, petitioner filed an application for Further Appellate Review ("ALOFAR") with the Supreme Judicial Court of Massachusetts ("SJC").  The ALOFAR was denied on December 1, 2004.  *Commonwealth v. Ringgold*, 442 Mass. 1113 (2004).

## ARGUMENT

I.  **THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO ALL THREE GROUNDS OF THE PETITION.**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted."  *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925).  *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-262 (1st Cir. 1997); *Dougan v. Ponte*, 727 F2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors

made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. See *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995); *Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele v. Fitchburg District Court*, 850 F.2d at 819. See also *Ex parte Royall*, 117 U.S. 241, 251 (1886) (state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

A claim in state court may include an inkling of a federal claim, but not one "likely to alert the court to the claim's federal nature." *Nadworny v. Fair*, 872 F2d 1093, 1098 (1st Cir. 1989), *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2nd Cir. 1982) (en banc), *cert. denied*, 464 U.S. 1048 (1984). See *Scarpa v. DuBois*, 38 F.3d at 6. It is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-277 (1971). See *Duncan v. Henry*, 513 U.S. at 366. Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1998). It is the petitioner's heavy burden to demonstrate that his now claimed federal errors were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d at 1098. In order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with appropriate

federal trappings such as:

> specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, ...such as would in all likelihood alert a reasonable jurist to the existence of the federal question.

*Id*. at 1101.  "The fewer the trappings that adorn a petitioner's state-court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson v. DiPaola*, 131 F.3d 262.  In this case, the petitioner has failed to exhaust his available state-court remedies with respect to all three grounds for relief he presented in his petition.

> **A.  Ground One Of The Petition is Unexhausted Where Petitioner Failed To Fairly Present It As A Federal Claim To The SJC.**

In Ground One of the petition, the petitioner asserts that "it was an abuse of discretion and reversible error for the trial judge to deny [petitioner's] motion for relief from prejudicial joinder of charges where the evidence revealed that the joinder was violative of Mass. R. Crim. P. 9, as construed by the *Sullivan* case."  *See* Habeas Corpus Pet. at ¶ 12(A).  Although the petitioner included this claim in his ALOFAR, he failed to alert the SJC to the purportedly federal nature of his claim, and therefore has not satisfied the exhaustion requirement as to Ground One.  Supp. Ans., Exh. E at 7.  In order to exhaust a claim, a habeas petitioner must "show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." *Adelson*, 131 F.3d at 262.  The relevant inquiry "centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." *Nadworny*, 872 F.2d at 1093.  A petitioner's claim may be deemed exhausted only where he presented it "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Adelson*, 131 F.3d at 262

(quoting *Scarpa v. Dubois*, 38 F.3d at 6).

The claim fails in every way to meet the "heavy burden" required of a petitioner to notify the state court of the existence of a federal question. *Id*. The solitary assertion made by the petitioner in his ALOFAR, whether "the appeals court misapprehended or overlooked the rule of law set forth in Mass. R. Crim. P. 9(a)(1), (3)," is directed exclusively at an issue of Massachusetts state law. Supp. Ans., Exh. E at 7. The petitioner's claim raised no indices of the existence of a federal constitutional issue, and cited no federal case law. Therefore Ground One of the habeas petition is unexhausted.

**B.     Grounds Two And Three Of The Petition Are Unexhausted Because They Were Not Presented To The State's Highest Court**.

Grounds Two and Three of the petition are unexhausted because the petitioner failed to present them to the Massachusetts Supreme Judicial Court for review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999) (holding claim was not exhausted where not presented to State's highest court). As described above, the petitioner's ALOFAR presented the SJC with just one issue - the same one he raises in Ground One: whether "the appeals court misapprehended or overlooked the rule of law set forth in Mass. R. Crim. P. 9(a)(1), (3)." Supp. Ans., Exh. E at 7. The petitioner did not include in his ALOFAR the issues he now raises in Grounds Two and Three of this petition, namely: "it was ... violative of defendant's right to due process and a to a fair trial for the judge to admit ... a witness's testimony about identifying the defendant by name that inevitably suggested his receipt of prejudicial hearsay..."(Ground Two), and "it was ... violative of the fair trial and due process provisions of the United States Constitution and the Massachusetts Declaration of Rights for the judge to overrule defendant's objection to the

prosecutor's utilizing a portion of her closing argument to unlawfully shift the burden of proof to the defendant"(Ground Three). *See* Habeas Corpus Pet. at ¶ 12 (B), (C); *see also* Supp. Ans., Exh. E at 7-8.

It is not enough that the petitioner advanced these arguments to the Massachusetts Appeals Court; he must present them in an ALOFAR to the SJC. *O'Sullivan*, 526 U.S at 845; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (recognizing that a "prisoner must 'fairly present' his claim in each appropriate state court including a state supreme court with powers of discretionary review"). The First Circuit has specifically held this same principle applicable to Massachusetts's two-tiered court system. *Mele*, 850 F.2d at 818-19 (holding that arguments presented to Massachusetts Appeals Court but not included in ALOFAR to SJC were not exhausted). The court in *Mele* ruled that "it is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present - or do his best to present - the issue to the state's highest tribunal." *Id*. at 820. In the present case the petitioner has failed to present Grounds Two and Three of his petition to the highest state court. Accordingly, both claims are unexhausted.

## CONCLUSION

For the foregoing reasons, Respondent's Motion should be allowed, and the petition should be dismissed in it's entirety.

        Respectfully submitted,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Jonathan Ofilos
        Jonathan Ofilos ( BBO #  658091)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2634

Dated: October 31, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the petitioner, Harvey Ringgold, on October 31, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Harvey Ringgold, *pro se*, N.C.C.I. Gardner, P.O. Box 446, 500 Colony Road, Gardner, Massachusetts 01440.

        /s/ Jonathan Ofilos
        Jonathan Ofilos
        Assistant Attorney General