UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S.DISTRICT COURT                    WORCESTER DIVISION
                                      U.S.NO.2005-40129-FDS

---

HARVEY RINGGOLD
(PETITIONER)

    V.

STEVEN O'BRIEN
(RESPONDENT)

---

PETITIONER REPLY AN/OR/OPPOSITION
AGINST THE "RESPONDENT ANSWER AND MOTION TO DISMISS
FOR FAILURE TO EXHAUST STATE COURT REMEDIES FILED
ON OCTOBER 31/2005,AND SUPPLEMENTAL ANSWER FILED ON
NOVEMBER 1/2005:

---

      The pro-se petitioner in the above entitled matter,hereby files his Reply an /or/Opposition against the respondent's Answer and Motion to Dismiss,for failure to exhaust State Court Remedies filed on October 31/2005,and respondent supplemental answer filed on November 1/2005,Respondent's Steven O'Brien and his counsel the Assistant Attorney General Jonathan Ofilos,who opposes the petition for a writ of habeas corpus,that is subject of the caption action. The pro-se petitioner state prisoner Harvey Ringgold has demonstrared that the claims in his petition warrant the extraordinary relief of a writ of habeas corpus. On October 31/2005 and November 1/2005 respondent's Steven O'Brien files their answer and Motion to Dismiss,stating that petition should be dismissed. The pro-se petitioner states that his petition should be granted,as reasons further set forth in the following.....

(2)

The petitioner states that all evidence as exhibit's are as stated in [1].

## PRIOR PROCEEDINGS:

1)       The petitioner was appointed appellate counsel on January 25/2002,name was William R.Hill Jr.from C.P.C.S.,SEE EXH-A docket entry page 6.

2)       In June 2003,C.P.C.S.attorney appointed William R.Hill Jr.filed an direct appeal on behalf of the defendant,SEE EXH-B appeals brief no.03-P-365,there were three (3) issue's addressed in the appeal's brief,with citing of Fed.R.Crim.P.8 and 13,and 25 Moore's Federal Practice¶614.03(2)(3d ed. 2000).See EXH-B pages i and iii index of appeal brief,and pages 21 and 23 of appeals brief argument's.

3)       In June 2003 or July 2003 A.D.A.Joseph A.Pieropan filed an red brief against the appellant's under no.2003-P-0365,for the District Attorney Gerard D.Downing,SEE EXH-C.also on page i of the Commonwealth brief,A.D.A.cites an United States V.Lane 474 U.S. 438 (1985)in their argument on page 17 and 18..

4)       On April 8/2004 Massachusetts appeals court under no. 2003-P-0365,Judgment Afirmed,Memorandum order pursuant to rule 1;28 Stating"Nothing has been made to appear that would cause us to reverse the defendant's judgments of conviction.We only make specific reference to the defendant's first claim of error,that is, prejudicial joinder. The defendant's other claims are so lacking in merit that no discussion is warranted other than citation to the Commonwealt's Brief,"See EXH-D.

5)       On October 25/2004,C.P.C.S.appointed attorney William R.Hill Jr.Had the defendant signed application for further appellate review,and appointed attorney submitted it. The appointed attorney deleted issue's II and III of his appeal brief argument's and also deleted Fed.R.Crim.P.8 and 13 also 25 Moore 's Federal Practice ¶614.03 (2)(3d ed. 2000),Appointed appeallate counsel failure to present issue's II and III and failure to preserve the federal right's for appeal,failure to present these claims are grossly ineffective of appellate counsel.SEE EXH-E further appellate review.

6)       On December 1/2004 appeal from 60 Mass.App.Ct.,806 N.E.2d, 128 ,denied,442 mass.1113,818 N.E.2d,1067,SEE EXB-F.

---

[1]/note; The respondent has filed on November 1/2005,supplemental answer to the petition for writ of habeas corpus,,pursuant to Rule 5 of the governing habeas corpus cases under section 2254, which they filed 1 thru 6,EXHIBIT'S are listed as A thru F.

(3)

All exhibit's list or cited in the above,is of true copy of the

court records and also are the exhibit's as listed in the

Commonwealth Supplemental Answer in U.S.Civil Action no.2005-40129-

FDS ,EXHIBIT A THRU F,which was filed on November 1/2005.

CONCLUSIONS

RINGGOLD IS ENTITLED TO DE NOVO REVIEW:

> A   THE STATE COURT'S DECISION DENYING RINGGOLD RELIEF
> ON CLAIMS INVOLVING..
>
> I.   IT WAS AN ABUSE OF DISCRETION AND REVERSIBLE ERROR
> FOR THE JUDGE TO DENY DEFENDANT'S MOTION FO RELIEF
> FROM PREJUDICIAL JOINDER OF CHARGES WHERE THE
> EVIDENCE REVEALED THAT JOINDER WAS VOILATIVE OF
> MASS.R.CRIM.P.9,AS CONSTRUED BY THE SULLIVAN CASE..
>
> II.   IT WAS REVERSIBLE ERROR AND VIOLATIVE OF DEFENDANT'S
> RIGHTS TO DUE PROCESS AND A FAIR TRIAL FOR THE JUDGE
> TO ADMIT,OVER OBJECTION,A WITNESS'S TESTIMONY ABOUT
> IDENTIFYING THE DEFENDANT BY NAME THAT INEVITABLY
> SUGGESTED HIS RECEIPT OF PREJUDICIAL HEARSAY AS TO
> POLICE FAMILIARITY WITH AND KNOWLEGED ABOUT THE
> DEFENDANT...
>
> III.   IT WAS REVERSIBLE ERROR AND VIOLATIVE OF THE
> FAIR TRIAL AND DUE PROCESS PROVISIONS OF THE
> UNITED STATES CONSTITUTION AND THE MASSACHUSETTS
> DECLARATION OF RIGHTS FOR THE JUDGE TO OVERRULE
> DEFENDANT'S OBJECTION TO THE PROSECUTOR'S UTILIZING
> A PORTION OF HER CLOSING ARGUMENT TO UNLAWFULLY
> SHIFT THE BURDEN OF PROOF TO THE DEFENDANT...
>
> B   ALL SHOULD BE REVIEWED DE NOVO BECAUSE THERE WAS
> NO ADJUDICATION ON THE MERITS OF CLEMENT'S FEDERAL
> CLAIMS.

It is clear that the Massachusetts appeals court refused

to address issue's II and III,SEE EXH-D"stating "Nothing has been

made to appear that would cause to reverse the defendant's judgments

of his conviction.""We only make specific reference to the defendant

first claims of error,that is ,prejudicial joinder.""The defendant's

other claims are so lacking in merit that no discussion is warranted

other than citation to the Commonwealth's Brief."See EXH-D).It is

(4)

clear that the Massachusetts Appeals court refused to addressed
the Federal Standard for review,violation of United States Constitution
and Federal R.Crim.P.8 and 13, 25 Moore's Federal Practice ⸺614 .03
(2)(3d ed. 2000)..SEE EXH-B pages i and ii index's of appeal brief
and pages 21 and 23 of blue appeals brief argument's. II and III.

[But] it was grossly inefective assistance of counsel
at the appellate level ,for the same appellate attorney who raised
issue's II and III of the Federal Standard ,and United States
Constitution violation of a fair trial,failed to continue in raising
it in application for further appellate review, instead,the appellate
counsel William Hill Jr.abandon's Issues II and III of the federal
standard and consitutional violation of the United States. In this
case William Hill Jr.has prejudice the petitioner to the federal
writ of habeas corpus,because appellate counsel were grossly ineffective
in violation of the sixth and fourteenth amendment,because on the
above stated specific errors ,which resulted in prejudice,"An accused
is entitled to be assisted by an attorney whether retained or
appointed,who plays the role necessary to ensure that the trial or
appeal is fair,"Kimmelman V.Morrison 477 U.S.363 at 377 (1986),
Quoting Strickland V.Washinton 466,U.S.668 at 685 (1984).Thus the
right to counsel is the right to a effective assistance of counsel.
Strickland V.Washington Supra at 868:Kimmelman V.Morrison Supra
377:Evitts V.Lucey 469 U.S.387 at 401 (1985),and the state as in
this case at bar bears the risk of defective assistance of counsel,
Murray V.Carrier 106 S.Ct.2639 at 2646,477 U.S.478 at 488 (1986):
Accord Kimmelman Supra at 379.

"A layman will ordinarily be unable to recognize counsel's
errors and to evaluate counsel's professional performance....,

( 5 )

Consequently a criminal defendant will rarely know that he has not been represented competently after trial or appeal,usually  when he consults another lawyer about his case."378.

"Counsel has a duty to make a reasonable decision that makes a particular investigation  unnecessary."Strickland Supra at 691;Kimmelman Supra at 385.

"When challengung counsel's proformance,"the petitioner bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."Kimmelman Supra at 381; Strickland Supra at 688-689."Reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the ...circumstances.Kimmelman Supra at 688-689.In other words"Strickland requires a reviewing court to "Determine whether in light of all circumstances,the identified acts or omission were outside the wide range of profess-ionally competent assistance."Strickland Supra at 690;Kimmelman Supra at 386.

"In order to establish ineffective representation,the petitioner must prove both incompetence and prejudice."Kimmelman Supra at 381 :Strickland Supra at 688.

It is clear that based on the above said and the respondent's answer to the petition,and their motion to dismiss clearly show's that (1)Appointed William Hill Jr.Raised Issues II and III at the Massachusetts Appeal Court level and also under the federal standard, But clearly appellate counsel failure or abandon issues II and III at Supreme Judice Court level under further appellate review.

Clearly the United States District court must deem the appellate counsel was grossly ineffective failure of counsel to protect the petitioner federal right to the writ of habeas Corpus 28 U.S.C.2254,by abanding or deleting II and III and further deleting all federal rights in Issues I,II and III, <u>IN THE HIGHEST STATE COURT LEVEL SUPREME JUDICIAL COURT</u>,counsel was grossly ineffective assistance of counsel,violation of the sixth and 14th amendment to United States Constitution. and (2)that the state apointed such counsel William Hill Jr.And now  bears the burden of ineffective assistance of counsel Murray V.Carrier 106 S.Ct.2639 at 2646 ,477 U.S.478 at 488 (1986):Accord Kimmelman Supra at 379.(3) If the court denies the petition for Habeas Corpus 28 U.S.C.2254,Petitioner prays it would be with a finding,that Petitioner must present issues of ineffective assistance of counsel at the highest state court level,of the Supreme Judicial Court,under his further appellate review application, and now must be presented in a New trial Motion Mass.R.Crim.P.30(b).(4) that the United States District court allow the petition be hear on the merit's wherefore he is a layman,an appointed appellate counsel's William Hill Jr. clearly failed to protect petitioner right's to federal review De Novo as reason's stated in the above, the respondent's motion to dismiss must be denied.

RESPECTFULLY SUBMITTED

PRO-SE *Harvey Ringold*    11/9/05

MR.HARVEY RINGOLD
N.C.C.I.GARDNER
P.O.BOX 466
500 COLONY RD.
GARDNER MASS.01440

JONATHAN OFILOS
ASSISTANT ATTORNEY GENERAL
CRIMINAL BUREAU
ONE ASHBURTON PLACE
BOSTON MASS.02108-1598


MR.HARVEY RINGGOLD
N.C.C.I.GARDNER
P.O.BOX 466
500 COLONY RD.
GARDNER MASS.01440


IN RE: HARVEY RINGGOLD PETITIONER V.STEVEN O'BRIEN RESPONDENT
       U.S. CIVIL ACTION NO.2005-40129-FDS


Dear Mr.Ofilos;

        Please find enclosed ..

1)CERTIFICATE OF SERVICE

2)PETITIONER REPLY AND OPPOSITION TO RESPONDENT ANSWER AND
MOTION TO DISMISS.

        [F]urther exhibit's cited are also the one's you filed
in your supplemental answer,filed on November 1/2005.All petitioner's
exhibit's cited in his opposition is the citing and exhibit's as
stated in your ,November filing 2005.I thank you for your time in
this matter.
                              REPSECTUFLLY SUBMITTED
                   PRO-SE    _Harvey Ringgold_  11/9/05
                              MR.HARVEY RINGGOLD
                              N.C.C.I.GARDNER
                              P.O.BOX 466
                              500 COLONY RD.
                              GARDNER MASS.01440


                  CERTIFICATE OF SERVICE
        I Harvey Ringgold certify that the above said attached
herewith has been served upon respondent's attorney to Jonathan Ofilos
at One Ashburton Place,Boston Mass.02108-1598,all was sent on this
    9   day of November 2005,postage prepaid by the petitioner.Signed
under the pains and penalties of perjury;
                              _Harvey Ringgold_
                              MR.HARVEY RINGGOLD
                              500 COLONY RD.
                              GARDNER MASS.01440



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

October 31, 2005

Harvey Ringgold
N.C.C.I. Gardner
P.O. Box 446
500 Colony Road
Gardner, MA 01440

RE:     *Ringgold v. O'Brien*
        Civil Action No. 05-40129-FDS

Dear Mr. Ringgold:

The following documents were electronically filed with the United States District Court for the District of Massachusetts on October 11, 2005:

1.     Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies

2.     Respondent's Memorandum in Support of Motion to Dismiss

3.     Notice of Filing of Supplemental Answer with the Clerk's Office

Copies of the above-mentioned documents are enclosed with this letter.

Very truly yours,

Jonathan Ofilos
Assistant Attorney General
Criminal Bureau

Enclosures:

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARVEY RINGGOLD, <br>      Petitioner, <br><br>      v. <br><br> STEVEN O'BRIEN, <br>      Respondent. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 05-40129-FDS <br> ) <br> ) <br> ) <br> ) |

## RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES

The respondent, through counsel, moves to dismiss this petition seeking a writ of habeas corpus for failing to state a claim upon which relief can be granted. In support of his motion, the respondent states that the petitioner has failed to exhaust his available state court remedies as to all the grounds in his petition. Because the petitioner has not yet provided the state's highest court with the first opportunity to pass on the merits of this claim, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c). The respondent reserves the right to submit a memorandum raising additional defenses, if necessary.

In support of this motion, the respondent relies upon a memorandum of law and Supplemental Answer filed with this Motion.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Jonathan Ofilos
Jonathan Ofilos ( BBO #  658091)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2634

Dated: October 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner,
Harvey Ringgold, on October 31, 2005, by depositing the copy in the office depository for
collection and delivery by first-class mail, postage pre-paid, to him as follows: Harvey Ringgold,
*pro se*, N.C.C.I. Gardner, P.O. Box 446, 500 Colony Road, Gardner, Massachusetts 01440.

/s/ Jonathan Ofilos
Jonathan Ofilos
Assistant Attorney General

2



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

October 31, 2005

Harvey Ringgold
N.C.C.I. Gardner
P.O. Box 446
500 Colony Road
Gardner, MA 01440

      RE:   *Ringgold v. O'Brien*
             <u>Civil Action No. 05-40129-FDS</u>

Dear Mr. Ringgold:

      The following documents were electronically filed with the United States District Court for the District of Massachusetts on October 11, 2005:

    1.    Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies

    2.    Respondent's Memorandum in Support of Motion to Dismiss

    3.    Notice of Filing of Supplemental Answer with the Clerk's Office

      Copies of the above-mentioned documents are enclosed with this letter.

Very truly yours,

Jonathan Ofilos
Assistant Attorney General
Criminal Bureau

Enclosures:

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|                                      |     |                                |
|--------------------------------------|-----|--------------------------------|
| HARVEY RINGGOLD,                     | )   |                                |
|     Petitioner,  | )   |                                |
|                                      | )   |                                |
|     v.           | )   | Civil Action No. 05-40129-FDS  |
|                                      | )   |                                |
| STEVEN O'BRIEN,                      | )   |                                |
|     Respondent.  | )   |                                |

## <u>NOTICE OF FILING WITH CLERK'S OFFICE</u>

Notice is hereby given that the documents, exhibits or attachments listed below have been manually filed with the Court and are available in paper form only:

1. Docket sheets, *Commonwealth v. Harvey Ringgold*, BERC2001-00050.

2. Brief and Record Appendix for the Defendant on Appeal from Judgment of Berkshire County Superior Court (A.C. No. 03-P-365).

3. Brief and Record Appendix for the Commonwealth on Appeal from Judgment of Berkshire County Superior Court (A.C. No. 03-P-365).

4. *Commonwealth v. Ringgold*, 60 Mass. App. Ct. 1125 (2004).

5. Defendants Application for Leave to Obtain Further Appellate Review (FAR No. 14455).

6. *Commonwealth v. Ringgold*, 442 Mass. 1113, 818 N.E.2d 1067 (2004).

The original documents are maintained in the case file in the Clerk's Office.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Jonathan Ofilos
Jonathan Ofilos ( BBO #  658091)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2634

Dated: October 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Harvey Ringgold, on October 31, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Harvey Ringgold, *pro se*, N.C.C.I. Gardner, P.O. Box 446, 500 Colony Road, Gardner, Massachusetts 01440.

/s/ Jonathan Ofilos
Jonathan Ofilos
Assistant Attorney General

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HARVEY RINGGOLD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-40129-FDS |
| | ) | |
| STEVEN O'BRIEN, | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S MEMORANDUM OF LAW IN
## SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this

habeas corpus petition filed by Harvey Ringgold ("the petitioner").[1]  As argued in this

memorandum, the petition should be dismissed where the petitioner has failed to exhaust his

available state court remedies as to all the grounds in his petition. *See Rose v. Lundy*, 455 U.S.

509, 518-519 (1982).

## PRIOR PROCEEDINGS

On November 27, 2001, following a jury trial before the Massachusetts Superior Court

(Ford, J., presiding), the petitioner was found guilty of two counts of armed assault with intent to

commit robbery (Indictment nos. 01-050-1 and -5), armed robbery (Indictment no. 01-050-3),

and assault with a dangerous weapon (Indictment no. 01-050-4).  Supp. Ans., Exh. A at 5.[2]  The

Commonwealth entered a *nolle prosequi* as to the charge of possession of a controlled substance

---

[1] In the event this Court declines to dismiss the petition on one of the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to brief the merits of the remaining claim or claims in this petition.

[2] The respondent herein references his Supplemental Answer, containing the state court materials from the petitioner's trial and appeal, as "Supp. Ans., Exh __ at __."

(Indictment no. 01-050-2).  Supp. Ans., Exh. A at 5.  On November 30, 2001, the petitioner was

sentenced to concurrent terms of twelve to fifteen years on indictment nos. 01-050-1, -3, and -5

to be served at M.C.I. Cedar Junction.  Supp. Ans., Exh. A at 5.  Petitioner was also sentenced to

a term of three to five years on indictment no. 01-050-04, to run concurrently with indictment no.

01-050-1, at M.C. I. Cedar Junction.  Supp. Ans., Exh. A at 5

  Petitioner filed a notice of appeal from his conviction on December 3, 2001, and the case

was entered in the Appeals Court on March 18, 2003.  Supp. Ans. Exhibit A at 5-6.  On April 8,

2004, the Appeals Court affirmed the petitioner's conviction in an unpublished decision pursuant

to Mass. R. App. Prac. 1:28.  *Commonwealth v. Ringgold*, 60 Mass. App. Ct. 1125 (2004).

  On October 28, 2004, petitioner filed an application for Further Appellate Review

("ALOFAR") with the Supreme Judicial Court of Massachusetts ("SJC").  The ALOFAR was

denied on December 1, 2004.  *Commonwealth v. Ringgold*, 442 Mass. 1113 (2004).

## ARGUMENT

**I. THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO ALL THREE GROUNDS OF THE PETITION.**

  It is well established that "a federal court should not consider questions posed in a habeas

petition until the 'power of the highest state court in respect to such questions' has been

exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United*

*States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925).  *See Rose v. Lundy*, 455 U.S. 509, 518-

519 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-262 (1st Cir. 1997); *Dougan v. Ponte*, 727

F2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion principle, in addition to

ensuring that state courts have the first opportunity to correct their own constitutional errors

made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-366 (1995); *Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele v. Fitchburg District Court*, 850 F.2d at 819. *See also Ex parte Royall*, 117 U.S. 241, 251 (1886) (state and federal courts are "equally bound to guard and protect rights secured by the Constitution").

A claim in state court may include an inkling of a federal claim, but not one "likely to alert the court to the claim's federal nature." *Nadworny v. Fair*, 872 F2d 1093, 1098 (1st Cir. 1989), *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2nd Cir. 1982) (en banc), *cert. denied*, 464 U.S. 1048 (1984). *See Scarpa v. DuBois*, 38 F.3d at 6. It is not enough that all the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-277 (1971). *See Duncan v. Henry*, 513 U.S. at 366. Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1998). It is the petitioner's heavy burden to demonstrate that his now claimed federal errors were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d at 1098. In order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with appropriate

3

federal trappings such as:

> specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, ...such as would in all likelihood alert a reasonable jurist to the existence of the federal question.

*Id.* at 1101. "The fewer the trappings that adorn a petitioner's state-court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson v. DiPaola,* 131 F.3d 262. In this case, the petitioner has failed to exhaust his available state-court remedies with respect to all three grounds for relief he presented in his petition.

### A.    Ground One Of The Petition is Unexhausted Where Petitioner Failed To Fairly Present It As A Federal Claim To The SJC.

In Ground One of the petition, the petitioner asserts that "it was an abuse of discretion and reversible error for the trial judge to deny [petitioner's] motion for relief from prejudicial joinder of charges where the evidence revealed that the joinder was violative of Mass. R. Crim. P. 9, as construed by the *Sullivan* case." *See* Habeas Corpus Pet. at ¶ 12(A). Although the petitioner included this claim in his ALOFAR, he failed to alert the SJC to the purportedly federal nature of his claim, and therefore has not satisfied the exhaustion requirement as to Ground One. Supp. Ans., Exh. E at 7. In order to exhaust a claim, a habeas petitioner must "show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." *Adelson,* 131 F.3d at 262. The relevant inquiry "centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." *Nadworny,* 872 F.2d at 1093. A petitioner's claim may be deemed exhausted only where he presented it "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Adelson,* 131 F.3d at 262

4

(quoting *Scarpa v. Dubois*, 38 F.3d at 6).

The claim fails in every way to meet the "heavy burden" required of a petitioner to notify the state court of the existence of a federal question. *Id.* The solitary assertion made by the petitioner in his ALOFAR, whether "the appeals court misapprehended or overlooked the rule of law set forth in Mass. R. Crim. P. 9(a)(1), (3)," is directed exclusively at an issue of Massachusetts state law. Supp. Ans., Exh. E at 7. The petitioner's claim raised no indices of the existence of a federal constitutional issue, and cited no federal case law. Therefore Ground One of the habeas petition is unexhausted.

**B.     Grounds Two And Three Of The Petition Are Unexhausted Because They Were Not Presented To The State's Highest Court.**

Grounds Two and Three of the petition are unexhausted because the petitioner failed to present them to the Massachusetts Supreme Judicial Court for review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999) (holding claim was not exhausted where not presented to State's highest court). As described above, the petitioner's ALOFAR presented the SJC with just one issue - the same one he raises in Ground One: whether "the appeals court misapprehended or overlooked the rule of law set forth in Mass. R. Crim. P. 9(a)(1), (3)." Supp. Ans., Exh. E at 7. The petitioner did not include in his ALOFAR the issues he now raises in Grounds Two and Three of this petition, namely: "it was ... violative of defendant's right to due process and a to a fair trial for the judge to admit ... a witness's testimony about identifying the defendant by name that inevitably suggested his receipt of prejudicial hearsay..."(Ground Two), and "it was ... violative of the fair trial and due process provisions of the United States Constitution and the Massachusetts Declaration of Rights for the judge to overrule defendant's objection to the

5

prosecutor's utilizing a portion of her closing argument to unlawfully shift the burden of proof to the defendant"(Ground Three). *See* Habeas Corpus Pet. at ¶ 12 (B), (C); *see also* Supp. Ans., Exh. E at 7-8.

It is not enough that the petitioner advanced these arguments to the Massachusetts Appeals Court; he must present them in an ALOFAR to the SJC. *O'Sullivan*, 526 U.S at 845; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (recognizing that a "prisoner must 'fairly present' his claim in each appropriate state court including a state supreme court with powers of discretionary review"). The First Circuit has specifically held this same principle applicable to Massachusetts's two-tiered court system. *Mele*, 850 F.2d at 818-19 (holding that arguments presented to Massachusetts Appeals Court but not included in ALOFAR to SJC were not exhausted). The court in *Mele* ruled that "it is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present - or do his best to present - the issue to the state's highest tribunal." *Id*. at 820. In the present case the petitioner has failed to present Grounds Two and Three of his petition to the highest state court. Accordingly, both claims are unexhausted.

## CONCLUSION

For the foregoing reasons, Respondent's Motion should be allowed, and the petition should be dismissed in it's entirety.

6

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Jonathan Ofilos
Jonathan Ofilos ( BBO #  658091)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2634

Dated: October 31, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Harvey Ringgold, on October 31, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Harvey Ringgold, *pro se*, N.C.C.I. Gardner, P.O. Box 446, 500 Colony Road, Gardner, Massachusetts 01440.


/s/ Jonathan Ofilos
Jonathan Ofilos
Assistant Attorney General

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S.DISTRICT COURT                                    WORCESTER DIVISION
                                            U.S.NO.2005-40129-FDS

HARVEY RINGGOLD
(PETITIONER)

          V.

STEVEN O'BRIEN
(RESPONDENT)

CERTIFICATE OF SERVICE

        I Harvey Ringgold certify that I have served upon the
Clerk of the United States District court in Worcester Division
of Massachusetts,sent to Mr.Martin Castles at 595 Main St.5th floor
Worcester Mass.01608,sent by first class mail postage prepaid by
petitioner,"Petitioner Reply an/or/opposition to respondent answer
and Motion to Dismiss,filed on October 31/2005,and Supplemental
answer filed on November 1/2005".Petitioner filed his opposition
on this  7  day of November 2005:Signed under the pains and penalties
of perjury;

                              RESPECTFULLY SUBMITTED
                   PRO-SE  _Harvey Ringgold_
                              MR.HARVEY RINGGOLD
                              N.C.C.I.GARDNER
                              P.O.BOX 466
                              500 COLONY RD.
                              GARDNER MASS.01440