# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| **HARVEY RINGGOLD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **05-40129-FDS** |
| **STEVEN O'BRIEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This is a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. §2254. Petitioner Harvey Ringgold was convicted of armed robbery, armed assault with intent to rob, and armed assault with a dangerous weapon in Massachusetts state court in 2001. He now seeks habeas relief, contending that his federal constitutional rights were violated as a result of the following errors at the trial:

    A.    <u>Ground One</u>: the denial of his motion for relief from prejudicial joinder in claimed violation of Mass. R. Crim. P. 9;

    B.    <u>Ground Two</u>: the admission, over objection, of a witness's testimony identifying petitioner as the assailant; and

    C.    <u>Ground Three</u>: the denial of his objection that the prosecutor's closing argument unlawfully shifted the burden of proof.

Respondent contends that petitioner has failed to exhaust his state court remedies with respect to all of the asserted grounds for relief and, therefore, the petition should be dismissed. Specifically, respondent asserts that Grounds Two and Three were never presented to the

Massachusetts Supreme Judicial Court and that Ground One was not presented to the SJC as a federal question.  Petitioner, who is proceeding *pro se*, has filed an opposition to the motion to dismiss.  He does not contend that his claims are exhausted; rather, as more fully discussed below, he contends that his failure to exhaust his state court remedies was the result of the ineffective assistance of his appellate counsel.

I.     **Background**

Petitioner was convicted on November 27, 2001, in Superior Court of armed robbery, armed assault with intent to rob (two counts), and armed assault with a dangerous weapon.  He appealed his conviction to the Massachusetts Appeals Court on the following grounds:

1.     The trial judge abused his discretion by denying his motion for relief from prejudicial joinder of charges.  Specifically, petitioner argued that the joinder of charges concerning assaults on two separate victims at different times on the same day violated Mass. R. Crim. P. 9 and state case law.  Petitioner did not assert that his federal constitutional rights were violated, nor did he cite any Supreme Court or other federal court precedent.

2.     The trial judge erred by admitting, over objection, "a witness's testimony about identifying petitioner by name that inevitably suggested his receipt of prejudicial hearsay as to police familiarity with and knowledge about [him]."  Petitioner argued that the error violated his due process rights and his right to a fair trial.[1]

---

[1] In the heading of his argument, petitioner states that such error violated his due process rights and his right to a fair trial, but no such argument is set forth in the text.

3.     The trial judge erred by overruling petitioner's objection to the prosecutor's closing argument, which petitioner contended unlawfully shifted the burden of proof.  Petitioner argued that the error violated his federal due process rights and his right to a fair trial.[2]

The Appeals Court denied petitioner's appeal.  First, the court determined that joinder was proper and, in any event, petitioner had failed to establish prejudice because "at the trial of either incident the evidence of the other incident could have been admissible," and the trial judge instructed the jury that each charge had to be considered separately.  *Commonwealth v. Ringgold*, 60 Mass. App. Ct. 1125 (2004) (unpublished opinion).  The court concluded that petitioner's other two claims were totally devoid of merit and did not warrant discussion.

Petitioner filed an Application For Leave to Obtain Further Appellate Review ("ALOFAR") with the Supreme Judicial Court.  The sole ground for relief raised by petitioner in his ALOFAR was that the Appeals Court misapprehended the requirements of Mass. R. Crim. P. 9(a).  He did not argue that his federal constitutional rights were violated, nor did he cite to any Supreme Court or other federal court precedent. The SJC denied petitioner's ALOFAR. *Commonwealth v. Ringgold*, 442 Mass. 1113 (2004) (table).

## II.     Analysis

A federal court may not consider an application for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his or her state court remedies with respect to all claims raised in such application.  *See* 28 U.S.C. § 2254 (b); *see also Rose v. Lundy*,

---

[2] Again, in the heading of his argument, petitioner states that such error violated his due process rights and his right to a fair trial (this time, specifically referring to the United States Constitution), but no such argument is set forth in the text.

3

455 U.S. 509, 518, 102 S.Ct. 1198 (1982). In order to satisfy the exhaustion requirement, a

petitioner must establish that the factual and legal bases of his federal claim were "fairly and

recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir.

1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-277 (1971)). It is the petitioner's burden to

demonstrate that all claims asserted in his petition are exhausted. *Barresi v. Maloney*, 296 F.3d

48, 51 (1st Cir. 2002) (petitioner bears "heavy burden" of demonstrating satisfaction of

exhaustion requirement).[3]

Where a petitioner has presented both exhausted and unexhausted claims, *i.e.,* filed a so-

called "mixed petition," his petition must be dismissed unless he agrees to dismiss the unexhausted

claims (forever forfeiting the right to federal habeas review of such claims). The petitioner may

also request that the petition be dismissed to permit him to return to state court and pursue the

unexhausted claims. Where following that procedure is likely to result in the federal claim

ultimately being barred by the one-year limitations period imposed by 28 U.S.C. § 2244(d), the

petitioner may request that the district court permit him to utilize the stay and abeyance procedure

set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) (in limited circumstances, district court may

stay mixed petition to permit petitioner to exhaust state court remedies).

### A.     Whether Grounds Two and Three of the Petition Are Exhausted

In Ground Two, petitioner asserts that the trial judge erred by admitting, over objection, a

witness's identification testimony. In Ground Three, he asserts that the trial judge erred by

overruling his objection to the prosecutor's closing argument. Neither of these claims was

---

[3] Petitioner does not contest respondent's assertion that he has failed to exhaust his state court remedies
with respect to the challenged claims. Nonetheless, because petitioner is proceeding *pro se*, the Court will
independently review the challenged claims and determine whether they have been exhausted.

included in petitioner's ALOFAR and, therefore, have not been exhausted.

**B.     Whether Ground One Was Presented to the SJC as a Federal Constitutional Issue**

The exhaustion doctrine requires that a petitioner present the federal nature of his claim to the state's highest court. *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). A petitioner may satisfy this requirement by "(1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such a manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; . . . (4) claiming a particular right specifically guaranteed by the Constitution; and (5) asserting a claim in terms of state law, where such claim is indistinguishable from one arising under federal law." *Id.* at 48 (citation and internal quotation marks omitted). Where a prisoner presents a claim to the state's highest court, but does not express the claim as a federal constitutional issue, that claim has not been exhausted and federal habeas review is generally barred.

In Ground One, petitioner asserts that the trial judge violated Mass. R. Crim. P. 9 by denying his motion for relief from prejudicial joinder. Although petitioner raised this issue in his ALOFAR, he argued only that the alleged error was a violation of state law.[4] Because petitioner failed to present the federal nature of the claim asserted in Ground One to the SJC, this claim is not exhausted.

**C.     Whether the Petition Should Be Dismissed**

Where a petitioner has failed to exhaust his state court remedies, a petition should be dismissed unless he can establish "an utter absence of collateral procedures available in the state

---

[4] Petitioner did not make a federal constitutional argument with respect to this claim in his brief to the Appeals Court. In fact, in that brief, petitioner noted that the joinder of charges may not have violated the Federal Rules of Criminal Procedure governing joinder.

courts to permit him to raise his constitutional claims." *Mele v. Fitchburg*, 850 F.2d 817 (1st Cir. 1988). Petitioner has not argued that he is procedurally barred from returning to state court to exhaust his claims.[5] Therefore, the petition should be dismissed unless he can establish that he is excused from the exhaustion requirement.[6]

The only exceptions to the exhaustion requirement contained in 28 U.S.C. § 2254 are (1) the "absence of available State corrective process" or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner argues that his failure to exhaust his claims is the result of ineffective assistance of appellate counsel; specifically, he contends that appellate counsel failed to protect his federal habeas corpus rights by abandoning various claims at the ALOFAR stage. Even assuming that ineffective assistance of appellate counsel fits within either of the two statutory exceptions (as to which the Court takes no position)—and even assuming that a strategic decision to focus on certain claims and abandon others at the ALOFAR stage could constitute ineffective assistance—petitioner's claim must fail. Counsel did not file the ALOFAR; petitioner filed it *pro se*. He thus bears full responsibility for its contents.[7]

---

[5] The First Circuit has not decided whether Mass. R. App. P. 16(a)(4)(B) would bar a successive ALOFAR where a defendant could have raised the issue in prior filing with the SJC but failed to do so. *See Mele v. Fitchburg,* 850 F.2d 817 (1st Cir. 1988); *Dyer v. Ponte,* 749 F.2d 84 87 n.2 (1st Cir. 1984). There is apparently no Massachusetts case law on point. If such review were barred, then the grounds for relief asserted in the petition would be considered procedurally defaulted and petitioner would have to establish good cause and prejudice for such default to obtain habeas relief.

[6] Because none of the grounds for relief asserted in the petition are exhausted, the stay and abeyance procedure referenced above is not available. That procedure is available only where the petitioner presents a mixed petition, *i.e.*, one containing both exhausted and unexhausted claims.

[7] Although his opposition is somewhat vague, it appears that petitioner contends that his appellate counsel prepared the ALOFAR and he signed it. Given that petitioner actually signed the ALOFAR, his contention that he was unaware that his counsel failed to pursue the claims for which he now seeks habeas relief is somewhat specious.

6

Accordingly, because none of the exceptions to the exhaustion requirement are present, the petition should be dismissed.

**III.    Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss Petition for Failure to Exhaust (Docket No. 12) is GRANTED.  The Petition for Writ of Habeas Corpus is DISMISSED without prejudice.[8]

**So Ordered.**

                                        /s/ F. Dennis Saylor
                                        F. Dennis Saylor IV
                                        United States District Judge

Dated: September 20, 2006

---

[8] Petitioner should be aware that the filing of his federal habeas petition did not toll the running of the one-year statute of limitations contained in Section 2244(d).  *See Neverson v. Farquharson*, 366 F.3d 32 (1st Cir. 2004).   Accordingly, any successive petition which he attempts to file in this Court may be barred as untimely. Some courts have suggested that where a petition has been dismissed for failure to exhaust, a petitioner whose successive petition would otherwise be barred under Section 2244(d) may invoke equitable tolling in order to obtain federal habeas relief.  The Court makes no intimation as to whether equitable tolling would or should be available to the petitioner should he seek to re-file his petition.